# UNITED STATES DISTRICT COURT
District of Nevada

| UNITED STATES OF AMERICA | ) | **AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| LORRAINE RIDDIOUGH | ) | Case Number: 2:18-cr-00123-APG-VCF-1 |
| aka Lorraine Ann Madar | ) | USM Number: 49712-048 |
| **Date of Original Judgment:** 2/21/2019 | ) | Paola Armeni |
| *(Or Date of Last Amended Judgment)* | ) | Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1, 2 and 3 of the Criminal Information

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Mail Fraud and Wire Fraud | Fall 2013 | 1 |
| 18 U.S.C. § 1347 | Health Care Fraud | Date Unknown | 2 |
| 18 U.S.C § 641 | Theft of Government Property | Date Unknown | 3 |

The defendant is sentenced as provided in pages 2 through  7  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 19, 2020
Date of Imposition of Judgment

_[signature]_
Signature of Judge

ANDREW P. GORDON, UNITED STATES DISTRICT JUDGE
Name and Title of Judge

March 23, 2020
Date

DEFENDANT: LORRAINE RIDDIOUGH aka Lorraine Ann Mada
CASE NUMBER: 2:18-cr-00123-APG-VCF-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of :
Defendant is Sentenced to the BOP for a term of 33 months per count, concurrent, for all cases,
2:15-cr-18-APG-VCF; 2:18-cr-121-APG-VCF; 2:18-cr-122-APG-VCF; 2:18-cr-123-APG-VCF.

☑ The court makes the following recommendations to the Bureau of Prisons:
 The Court recommends the defendant be permitted to serve her term of incarceration at FCI Dublin.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
 ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
 ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
 ☐ before 2 p.m. on _____ .
 ☐ as notified by the United States Marshal.
 ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: LORRAINE RIDDIOUGH aka Lorraine Ann Madar
CASE NUMBER: 2:18-cr-00123-APG-VCF-1

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

5 years per count on all counts in cases number 2:15-cr-018-APG-VCF, 2:18-cr-121-APG-VCF, 2:18-cr-122-APG-VCF, and Count One in 2:18-cr-123-APG-VCF, and 3 years per count on Counts Two and Three in 2:18-cr-123-APG-VCF, all to be served concurrent.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually..
   - [✓] The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. [✓] You must make restitution in accordance with 18 U.S.C. § 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. [✓] You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. [ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. [ ] You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: LORRAINE RIDDIOUGH aka Lorraine Ann Madar
CASE NUMBER: 2:18-cr-00123-APG-VCF-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

DEFENDANT: LORRAINE RIDDIOUGH aka Lorraine Ann Madar
CASE NUMBER: 2:18-cr-00123-APG-VCF-1

# SPECIAL CONDITIONS OF SUPERVISION

1. <u>Access to Financial Information</u> – You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office will share financial information with the U.S. Attorney's Office.

2. <u>Debt Obligations</u> – You must not incur new credit charges, or open additional lines of credit without the approval of the probation officer.

3. <u>Employment Restriction</u> – You must not engage in an occupation, business, profession, or volunteer activity that would require or enable you to engage in telemarketing or to have access to financial information or accounts of clients, patients, or customers without the prior approval of the probation officer. You must not have access to financial information, finances, or accounts of any clients, patients, or customers who are elderly, suffer from dementia, or may otherwise be a vulnerable person. In addition, if you apply for any work-related licenses, you must disclose to all licensing authorities these convictions and the nature of these convictions.

4. <u>No Contact</u> – You must not communicate, or otherwise interact, with the co-defendants named in or attached to your four cases, either directly or through someone else, without first obtaining the permission of the probation office (with the exception of co-defendant/son Jason Clark Demko).

5. <u>Search and Seizure</u> – You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT: LORRAINE RIDDIOUGH aka Lorraine Ann Madar
CASE NUMBER: 2:18-cr-00123-APG-VCF-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|---|
| **TOTALS** | $ 300.00 | $ 2,084,079.12 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☑ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| (See attached sealed restitution list) | | | |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☑ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  ☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

  ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
*** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: LORRAINE RIDDIOUGH aka Lorraine Ann Madar
CASE NUMBER: 2:18-cr-00123-APG-VCF-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A ☑ Lump sum payment of $ 2,084,079.12 due immediately, balance due

☐ not later than _____ , or
☑ in accordance with ☐ C, ☐ D, ☐ E, or ☑ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Defendant shall pay restitution in the amount of $2,084,079.12, with interest to begin accruing after the 15th day from entry of judgment. It is recommended that any unpaid balance shall be paid at a rate of not less than $25.00 per quarter during incarceration, and then 10% of any gross income earned, subject to adjustment by the Court based upon ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Case Number
Defendant and Co-Defendant Names
*(including defendant number)*     Total Amount     Joint and Several Amount     Corresponding Payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
(see attached amended preliminary order of forfeiture)

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.



FILED _____ RECEIVED
_____ ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

FEB 2 1 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>LORRAINE RIDDIOUGH,<br>  a.k.a. Lorraine Ann Mader,<br><br>    Defendant. | 2:15-CR-018-APG-VCF<br>2:18-CR-121-APG-VCF<br>2:18-CR-122-APG-VCF<br>2:18-CR-123-APG-VCF<br><br>**Amended Preliminary Order of Forfeiture** |

This Court finds that Lorraine Riddiough, a.k.a. Lorraine Ann Mader, pled guilty to the following:

As to the Criminal Indictment in *United States of America v. Jason Demko et al*, Case No. 2:15-CR-018-APG-VCF (*Demko*), Counts One, Two, and Five of a Six-Count Criminal Indictment charging her in Count One with conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349 and in Counts Two and Five with wire fraud in violation of 18 U.S.C. § 1343. Criminal Indictment, ECF No. 26; Plea Agreement, ECF No. 165; Change of Plea, ECF No. 169;

As to the Criminal Information in *United States of America v. Lorraine Riddiough*, Case No. 2:18-CR-121-APG-VCF (Criminal Information related to *United States of America v. Michael Jones et al*, Case No. 2:15-CR-174-KJD-PAL) (*Jones*), Count One of a One-Count Criminal Information charging her with conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349. Criminal Information, ECF No. 3; Plea Agreement, ECF No. 5; Arraignment and Plea, ECF No. 10;

///

As to the Criminal Information in *United States of America v. Lorraine Riddiough*, Case No. 2:18-CR-122-APG-VCF (Criminal Information related to *United States of America v. Charlene Scott*, Case No. 2:15-CR-193-KJD-PAL) (*Scott*), Count One of a One-Count Criminal Information charging her with conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349. Criminal Information, ECF No. 3; Plea Agreement, ECF No. 6; Arraignment and Plea, ECF No. 10; and

As to the Criminal Information in *United States of America v. Lorraine Riddiough*, Case No. 2:18-CR-123-APG-VCF (*Riddiough*), Counts One through Three of a Three-Count Criminal Information charging her in Count One with conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. §§ 1341, 1343, and 1349; in Count Two with health care fraud in violation of 18 U.S.C. § 1347; and in Count Three with theft of government property in violation of 18 U.S.C. § 641. Criminal Information, ECF No. 3; Plea Agreement, ECF No. 5; Arraignment and Plea, ECF No. 10.

This Court finds Lorraine Riddiough, a.k.a. Lorraine Ann Mader, agreed to the forfeiture of the property and the imposition of the in personam criminal forfeiture money judgment set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Indictment (*Demko*), the Criminal Information (*Jones*), the Criminal Information (*Scott*), and the Criminal Information (*Riddiough*). Criminal Indictment (*Demko*), ECF No. 26; Plea Agreement (*Demko*), ECF No. 165; Change of Plea (*Demko*), ECF No. 169; Criminal Information (*Jones*), ECF No. 3; Plea Agreement (*Jones*), ECF No. 5; Arraignment and Plea (*Jones*), ECF No. 10; Criminal Information (*Scott*), ECF No. 3; Plea Agreement (*Scott*), ECF No. 6; Arraignment and Plea (*Scott*), ECF No. 10; Criminal Information (*Riddiough*), ECF No. 3; Plea Agreement (*Riddiough*), ECF No. 5; Arraignment and Plea (*Riddiough*), ECF No. 10.

This Court finds, pursuant to Fed. R. Crim. P. 32.2(b)(1) and (2), the United States of America has shown the requisite nexus between property set forth in the Plea Agreement and the Forfeiture Allegations of the Criminal Indictment (*Demko*), the Criminal Information (*Jones*), the Criminal Information (*Scott*), and the Criminal Information

2

1  (*Riddiough*) and the offenses to which Lorraine Riddiough, a.k.a. Lorraine Ann Mader, pled
2  guilty.
3    The following property and money judgment are (1) any property, real or personal,
4  which constitutes or is derived from proceeds traceable to violations of 18 U.S.C. §§ 1341
5  and 1343, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and
6  1961(1)(B), or 18 U.S.C. § 1349, conspiracy to commit such offenses; (2) any property, real
7  or personal, which constitutes or is derived from proceeds traceable to violations of 18
8  U.S.C. § 641, a specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7)(D), or a
9  conspiracy to commit such offense; (3) any property, real or personal, which constitutes or is
10 derived from proceeds traceable to violations of 18 U.S.C. § 1347, involving a Federal
11 health care offense as defined in 18 U.S.C. § 24, a specified unlawful activity as defined in
12 18 U.S.C. § 1956(c)(7)(F), or a conspiracy to commit such offense; (4) property, real or
13 personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable
14 to the commission of 18 U.S.C. § 1347, a Federal health care offense as defined in 18 U.S.C.
15 § 24; and (5) any real or personal property constituting, derived from, or traceable to the
16 gross proceeds obtained directly or indirectly as a result of violations of 18 U.S.C. §§ 1341
17 and 1343, or of 18 U.S.C. § 1349, conspiracy to commit such offenses, and are subject to
18 forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) with 28 U.S.C. § 2461(c); 18 U.S.C. §
19 982(a)(7); 18 U.S.C. § 982(a)(8)(B); and 21 U.S.C. § 853(p):
20   The property listed in the Superseding Indictment (ECF No. 38) *(Jones)*, namely:
21    1. $50,018.53; and
22    2. $8,252.04
23 (all of which constitutes property)
24   and a total in personam criminal forfeiture money judgment of $453,145.30, divided
25 among the consolidated indictment and informations as follows:
26    1. $96,905 in *Demko*, not to be held jointly and severally liable with any
27 codefendants, with the total amount collected in that matter not to exceed $398,122;
28 ///

3

2. $55,149 in *Jones*, not to be held jointly and severally liable with any codefendants, with the total amount collected in that matter not to exceed $3,574,992.35, and that the property will be applied toward the $3,574,992.35 amount, not the defendant's $55,149 amount;

3. $157,645 in *Scott*, not to be held jointly and severally liable with any codefendants, with the total amount collected in that matter not to exceed $7,934,095.32;

4. $134,525 in *Riddiough*, as to Count One, not to be held jointly and severally liable with any Count One codefendants, with the total amount collected in the matter as to Count One not to exceed $2,075,157.82, and;

5. $8,921.30 in *Riddiough*, as to Counts Two and Three, not to be held jointly and severally liable with any codefendants.

This Court finds that the United States of America may amend this order at any time to add subsequently located property or substitute property to the forfeiture order pursuant to Fed. R. Crim. P. 32.2(b)(2)(C) and 32.2(e).

The in personam criminal forfeiture money judgment complies with *Honeycutt v. United States*, ___U.S.___, 137 S. Ct. 1626 (2017).

This Court finds the United States of America is now entitled to, and should, reduce the aforementioned property to the possession of the United States of America.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States of America should seize the aforementioned property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the United States recover from Lorraine Riddiough, a.k.a. Lorraine Ann Mader, an in personam criminal forfeiture money judgment of $453,145.30.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED all possessory rights, ownership rights, and all rights, titles, and interests of Lorraine Riddiough, a.k.a. Lorraine Ann Mader, in the aforementioned property are forfeited and are vested in the United States of America and shall be safely held by the United States of America until further order of the Court.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the United States of America shall publish for at least thirty (30) consecutive days on the official internet government forfeiture website, www.forfeiture.gov, notice of this Order, which shall describe the forfeited property, state the time under the applicable statute when a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition, pursuant to Fed. R. Crim. P. 32.2(b)(6) and 21, U.S.C. § 853(n)(2).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any individual or entity who claims an interest in the aforementioned property must file a petition for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, which petition shall be signed by the petitioner under penalty of perjury pursuant to 21, U.S.C. § 853(n)(3) and 28, U.S.C. § 1746, and shall set forth the nature and extent of the petitioner's right, title, or interest in the forfeited property and any additional facts supporting the petitioner's petition and the relief sought.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a petition, if any, must be filed with the Clerk of the Court, 333 Las Vegas Boulevard South, Las Vegas, Nevada 89101, no later than thirty (30) days after the notice is sent or, if direct notice was not sent, no later than sixty (60) days after the first day of the publication on the official internet government forfeiture site, www.forfeiture.gov.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED a copy of the petition, if any, shall be served upon the Asset Forfeiture Attorney of the United States Attorney's Office at the following address at the time of filing:

    Daniel D. Hollingsworth
    Assistant United States Attorney
    501 Las Vegas Boulevard South, Suite 1100
    Las Vegas, Nevada 89101.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED the notice described herein need not be published in the event a Declaration of Forfeiture is issued by

///

the appropriate agency following publication of notice of seizure and intent to administratively forfeit the above-described property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Clerk send copies of this Order to all counsel of record and three certified copies to the United States Attorney's Office, Attention Asset Forfeiture Unit.

DATED this 28 day of February, 2019.

_____
HONORABLE ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

A copy of the foregoing was served upon counsel of record via Electronic Filing on DATE, 2019:

/s/ Heidi L. Skillin
HEIDI L. SKILLIN
FSA Contractor Paralegal